**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

LANCE CARRUTH                                              CIVIL ACTION NO.:

VERSUS                                                          JUDGE:

SHELTER MUTUAL
INSURANCE COMPANY                                    MAGISTRATE JUDGE:

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, SHELTER MUTUAL INSURANCE COMPANY, (hereinafter, "Shelter"), hereby removes to this Court the matter *Lance Carruth v. Shelter Mutual Insurance Company,* No. 274,476-E, 9th Judicial District Court, Rapides Parish, Louisiana.  Defendant removes this matter on the basis of this Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). Complete diversity exists, and the amount in controversy exceeds $75,000, exclusive of costs and interest. In support of removal, Defendant states as follows:

#### I.       THE STATE COURT ACTION

1. On August 18, 2022, Lance Carruth, (hereinafter "Plaintiff"), filed a petition for damages in the matter styled *Lance Carruth v. Shelter Mutual Insurance Company,* No. 274,476-E, 9th Judicial District Court, Rapides Parish, Louisiana (hereinafter "the State Court Action"), naming Shelter Mutual Insurance Company as defendant.

2. In accordance with 28 U.S.C. § 1446(a), and as noted in the attached index, Shelter files herein a copy of the following, which are the only pleadings in the State Court Action in its possession:

   Exhibit A:     Plaintiff's Petition for Damages, filed August 18, 2022

Exhibit B:    Citation to Shelter Mutual Insurance Company dated August 30, 2022

3.  In accordance with Local Rule LR 5.6, which requires that a non-governmental corporate party to an action file a statement identifying all its parent corporations and any publicly traded company that owns ten (10) percent or more of the party's stock "as soon as possible," Defendant shall file a Corporate Disclosure Statement.

## II.    ORIGINAL SUBJECT MATTER JURISDICTION

4.  This court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Complete diversity of citizenship exists, and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest. Complete diversity of citizenship existed at the time Plaintiff filed the State Court Action and exists at the time of this removal. Thus, the State Court Action may be removed to this court pursuant to 28 U.S.C. § 1441(a).

### A.  Diversity of Citizenship

5.  Complete diversity of citizenship exists between Plaintiff and Defendant as Plaintiff and Defendant are citizens of, residents of, and domiciled in different states.

#### i.  Citizenship of Plaintiff

6.  Plaintiff, Lance Carruth, is an individual of the age of majority residing in and domiciled in the state of Louisiana. As such, Lance Carruth is a citizen of Louisiana.

#### ii. Citizenship of Defendant

7.  Defendant, Shelter Mutual Insurance Company, is foreign corporation with its state of incorporation and its principal place of business in the state of Missouri. As such, Shelter Mutual Insurance Company is a citizen of Missouri.

8.  Based on the foregoing, no plaintiff or defendant are citizens of the same state.

9.  Therefore, complete diversity of citizenship exists between Plaintiff and Defendant in this lawsuit in accordance with 28 U.S.C § 1332(a).

### B. Amount in Controversy

10. The amount in controversy in this action exceeds $75,000.00, exclusive of costs and interest.

11. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., v. Owens,* 135 S.Ct. 547, 554 (U.S. 2014).

12. Plaintiff's petition alleges that Shelter's payments to the plaintiff has been woefully inadequate.  Plaintiff further alleges that defendant's failure to pay benefits owed have placed the insured property at risk.  Plaintiff also alleges that as a result of defendant's bad faith conduct, plaintiff has incurred professional expenses including expert and/or attorney's fees.

13. Additionally, plaintiff's petition alleges that Shelter is in bad faith and is liable to the plaintiff for damages, statutory penalties, attorneys' fees, interests, costs, and up to two times the actual damages sustained.  Plaintiff's petition also alleges that plaintiff has suffered and continues to suffer damage to the building and other structures, mitigation costs, remediation costs, repair costs, diminution of value, lost and/or damaged personal property, additional living expenses, mental anguish damages, demolition, debris removal, increased cost of construction, and attorney's fees and costs.

14. Given the plaintiff's claims that Shelter is significantly under valuing the claim, the plaintiff suffering mental anguish and emotional distress, the plaintiff is entitled to attorneys' fees, and the plaintiff are entitled to two times the damages sustained, it is clear

that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests.

### III.    TIMELINESS OF REMOVAL

15. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty (30) days of the date the Defendant received Plaintiff's Petition for Damages.

16.  Upon information and belief, Service of Process has been made on defendant, Shelter Mutual Insurance Company.

17. Therefore, this Notice of Removal is being filed within thirty (30) days of Defendant's receipt of Plaintiff' Petition for Damages.

### IV.    Other Procedural Requirements

18. Defendant files this Notice of Removal in the United States District Court for the Western District of Louisiana, Alexandria Division, which is the district and division within which the State Court Action is pending. *See,* 28 U.S.C. § 1441(a); 28 U.S.C. § 98(c).

19. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

20. Defendant will promptly file a copy of this Notice of Removal with the Clerk of Court for the 9th Judicial District Court, Rapides Parish, Louisiana, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

21. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law.

## V.    Conclusion

For these reasons, Defendant, SHELTER MUTUAL INSURANCE COMPANY,  hereby removes the State Court Action to the United States District Court for the Western District of Louisiana, Alexandria Division, in accordance with 28 U.S.C. § 1441 and 1446.   Defendant respectfully requests that this Court assume jurisdiction over this action and that all further proceedings in the State Court be stayed.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:   /s/ Jordan B. Bird
         Gregg A. Wilkes, #20419
         Jordan B. Bird, #32344
         David L. Wilkes, #38440
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA  71120-2260
Telephone: (318)221-6277
Facsimile: (318)227-7850
gregg.wilkes@cookyancey.com
jordan.bird@cookyancey.com
david.wilkes@cookyancey.com
ATTORNEYS FOR DEFENDANT,
SHELTER MUTUAL INSURANCE
COMPANY

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the United States District Court for the Western District of Louisiana using the CM/ECF system and that a copy of the same has been served on all counsel of record, via e-mail transmittal or by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

Shreveport, Louisiana, this 29th day of September, 2022.

/s/ Jordan B. Bird
OF COUNSEL

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

LANCE CARRUTH                                  CIVIL ACTION NO.:

VERSUS                                               JUDGE:

SHELTER MUTUAL
INSURANCE COMPANY                         MAGISTRATE JUDGE:


**AFFIDAVIT OF JORDAN B. BIRD**

STATE OF LOUISIANA:

PARISH OF CADDO:

      BEFORE ME, the undersigned Notary Public, in and for the aforesaid state and parish

personally came and appeared Jordan B. Bird, who after identifying himself to me and being duly

sworn, did depose and state, based on personal knowledge, that:

1.      I am an attorney at Cook, Yancey, King & Galloway. I am currently working on the matter styled *Lance Carruth v. Shelter Mutual Insurance Company,* No. 274,476-E, 9th Judicial District Court, Rapides Parish, Louisiana.

2.      Upon information, contained within the petition for damages, and belief, the Plaintiff, LANCE CARRUTH, is an individual of the age of majority residing in and domiciled in the state of Louisiana.

3.      Further, Defendant, SHELTER MUTUAL INSURANCE COMPANY, an insurance company with its state of incorporation and principal place of business in the state of Missouri.

4.      I declare under penalty of perjury that the foregoing is true and correct.

Further, the affiant sayeth not.

_____
Jordan B. Bird

SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, on this

29 day of September, 2022.

_____
NOTARY PUBLIC

I.D. #_____

BRENDA G. SUMRALL, NOTARY PUBLIC
BOSSIER PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE
NOTARY ID # 28854

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

LANCE CARRUTH                                      CIVIL ACTION NO.:

VERSUS                                             JUDGE:

SHELTER MUTUAL
INSURANCE COMPANY                                  MAGISTRATE JUDGE:

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I have, on this 29th day of September, 2022, through electronic

mail, sent a copy of the Notice of Filing of Notice of Removal to the following:

> LANCE CARRUTH
> Through his attorney of record
> Ms. Jessie B. Callahan
> Pandit Law Firm, LLC
> 701 Poydras Street, Suite 3950
> New Orleans, LA 70139
> Telephone: 504-313-3800


and that a notice of removal of the action entitled *Lance Carruth v. Shelter Mutual Insurance*

*Company,* No. 274,476-E, 9th Judicial District Court, Rapides Parish, Louisiana, to the United

States District Court for the Western District of Louisiana, Alexandria Division, has this date been

filed in said court.

Shreveport, Louisiana, this 29th day of September, 2022.


     /s/ Jordan B. Bird     
OF COUNSEL

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

LANCE CARRUTH                                          CIVIL ACTION NO.:

VERSUS                                                      JUDGE:

SHELTER MUTUAL
INSURANCE COMPANY                          MAGISTRATE JUDGE:

<u>**INDEX OF DOCUMENTS FILED WITH**</u>
<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

     In accordance with 28 U.S.C. §1446(a), Defendant, SHELTER MUTUAL INSURANCE COMPANY, submits this Index of Documents filed with Defendant's Notice of Removal, identifying the following documents which are filed with its Notice of Removal and filed or related to *Lance Carruth v. Shelter Mutual Insurance Company,* No. 274,476-E, 9th Judicial District Court, Rapides Parish, Louisiana.

     Exhibit A:    Plaintiff's Petition for Damages, filed August 18, 2022

     Exhibit B:    Citation to Shelter Mutual Insurance Company dated August 30, 2022

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation


By: /s/ Jordan B. Bird
      Gregg A. Wilkes, #20419
      Jordan B. Bird, #32344
      David L. Wilkes, #38440
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA  71120-2260
Telephone: (318)221-6277
Facsimile: (318)227-7850
gregg.wilkes@cookyancey.com
jordan.bird@cookyancey.com
david.wilkes@cookyancey.com
ATTORNEYS FOR DEFENDANT,
SHELTER MUTUAL INSURANCE
COMPANY


## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with

the United States District Court for the Western District of Louisiana using the CM/ECF system

and that a copy of the same has been served on all counsel of record, via e-mail transmittal or by

placing a copy of same in the United States mail, properly addressed and with adequate postage

affixed thereon.

Shreveport, Louisiana, this 29th day of September, 2022.


/s/ Jordan B. Bird
OF COUNSEL